[No. 13121.   Department Two. — May *zf*, 1891.]

# PUGET SOUND LUMBER COMPANY, APPELLANT, *v.* CAROLINE KRUG ET AL., RESPONDENTS.

PRINCIPAL AND AGENT — RATIFICATION OF UNAUTHORIZED ACT — KNOWL-
EDGE OF PRINCIPAL. — To constitute a subsequent ratification of an un-
authorized act sufficient to create an agency, the principal must have
had previous knowledge of all the material facts

ID. — ASSUMPTION OF AGENCY ESSENTIAL TO RATIFICATION. — A subsequent
ratification is effectual only when the act is done by a person professedly
acting as the agent of the party sought to be charged as principal.

ID. — AUTHORIZATION OF AGENT — HUSBAND AND WIFE — CIRCUMSTANTIAL
EVIDENCE. — An agency by precedent authorization, including the agency
of a husband for his wife, may be proved by circumstantial evidence.

ID. — SALE TO AGENT — LIABILITY OF UNDISCLOSED PRINCIPAL — HUSBAND
AND WIFE. — A person selling property to a husband in ignorance of the
fact that he is the agent of his wife may, upon discovering the agency,
resort for payment either to the husband or to the wife.

APPEAL — CONFLICTING EVIDENCE — ORDER GRANTING NEW TRIAL. —
Where the evidence is conflicting, and an order granting a new trial may
have been made on the ground of a supposed preponderance of evidence
in favor of the losing party, the order will not be disturbed on appeal.

APPEAL from an order of the Superior Court of Napa County granting a new trial.

The facts are stated in the opinion.

*William H. Jordan,* and *Jordan & Bull,* for Appellant.

The wife was bound by her husband's acts with reference to her separate property, as he for a long period of years exercised over it all the rights of absolute ownership, directing, controlling, and managing the entire property, all with full knowledge and consent of his wife. (*Patten* v. *Patten,* 14 Am. Law Rep. 733; *Hoffman* v. *Treadwell,* 2 Thomp. & C. 59; *Owen* v. *Cawley,* 36 N. Y. 604; *Wells* v. *Smith & Co.,* 54 Ga. 263; *Linder* v. *Sahler,* 51 Barb. 325; *Miller* v. *Hollingsworth,* 36 Iowa, 163; *Westgate* v. *Munroe,* 100 Mass. 227; *Bickford* v. *Dane,* 58 N. H. 185; *Totten* v. *McManus,* 5 Ind. 407; *Taggard* v. *Talcott,* 2 Edw.

Ch. 628; *Anderson* v. *Armstead,* 69 Ill. 453; Bigelow on
Estoppel, 468; *Higgins* v. *Ferguson,* 14 Ill. 269; *Donald-
son* v. *Holmes,* 23 Ill. 85; *Schwartz* v. *Saunders,* 46 Ill.
18; *Hodgins* v. *Heaney,* 17 Minn. 45; *Arnold* v. *Spurr,*
130 Mass. 347; Pomeroy's Eq. Jur., sec. 390; *White* v.
*Morgan,* 42 Iowa, 113; *Beymer* v. *Bonsall,* 79 Pa. St. 298;
Story on Agency, 104; *Knapp* v. *Smith,* 27 N. Y. 281;
*Fairbanks* v. *Mothersell,* 60 Barb. 402; *Bongard* v. *Core,* 82
Ill. 20; *McLaren* v. *Hall,* 26 Iowa, 305; *Emery* v. *Lord,* 26
Mich. 432; *Paine* v. *Farr,* 118 Mass. 74; *Feller* v. *Alden,*
23 Wis. 301; *Merrick* v. *Plumley,* 99 Mass. 566; *Smith* v.
*Poythress,* 2 Fla. 92; 48 Am. Dec. 176; *Bodine* v. *Killeen,*
53 N. Y. 96; *Krouskop* v. *Shontz,* 51 Wis. 204; 36 Am.
Rep. 817; *Lovell* v. *Williams,* 125 Mass. 439.)   When
the principal is unknown to the vendor at the time of
the sale, he may, upon discovering the principal, resort
to him or to the agent with whom he dealt, at his elec-
tion.   (*Raymond* v. *C. & E. Mills,* 2 Met. 324.)

*Stanly, Stoney & Hayes,* for Respondents.

If the order granting a new trial was properly made
on any of the grounds assigned by the trial judge for
granting it, the order will be affirmed. (*McCarthy* v.
*Loupe,* 62 Cal. 299.)   The testimony of Mr. and Mrs.
Krug created at least a material conflict in the evidence,
which gave occasion for the court below to exercise its
discretion to grant a new trial; and under such circum-
stances this court will not disturb the order. (*Blum* v.
*Sunol,* 63 Cal. 341; *Low* v. *McCallan,* 64 Cal. 2; *Bauder* v.
*Tyrrel,* 59 Cal. 99; *Irving* v. *Cunningham,* 58 Cal. 306.)

Vanclief, C.— The defendants are husband and wife.
This action was brought to recover from the wife the
value of lumber alleged to have been purchased by her
from the plaintiff through the agency of her husband.

The case was tried by a jury.   Verdict and judgment
for $5,044.98.   On motion of defendants, a new trial was

granted, and this appeal is from the order granting a new trial.

The grounds upon which the new trial was asked were: 1. Insufficiency of evidence; 2. Errors of law; and 3. That the verdict was against law. It appears, however, from the opinion of the lower court, brought up with the transcript, that the new trial was granted on the ground of insufficiency of the evidence to prove the agency of the husband; and whether it was so is the principal question for decision.

The following facts were proved by the plaintiff or admitted by the defendants: —

At the time of the marriage of the defendants, in 1860, the land described in the complaint (about 340 acres) was the separate property of the wife, and has ever since remained so, and the husband and wife have ever since resided thereon, and during all that time the husband has used and cultivated the land, principally in raising grapes, from which he made wines. For the purpose of making wines from those grapes and from other grapes purchased by him from other persons, he built upon his wife's land a large wine-cellar and other permanent structures necessary for making wines, called a winery; also a barn, stable, and sheds. The most expensive portion of these improvements were made within six years immediately prior to the commencement of this action, during which time, and for many years before, he carried on the business of making and selling wines in his own name, and so advertised his business throughout this state, and in several Eastern cities. At different times within five years next before the commencement of this action, he ordered lumber from the plaintiff, in his own name, to be used, and which was used, in the construction of the winery and other buildings above enumerated upon the wife's land. Plaintiff, believing that the husband was the owner of the land and improvements thereon, and also of the business of manufactur-

ing wines thereon, delivered to him, on the land, the lumber sued for, and charged it to him individually. To save time in the examination of one of the plaintiff's witnesses, counsel for defendants admitted the following facts: —

"That during all the fifteen years of the witness's acquaintance with the parties, Mrs. Krug had allowed Mr. Krug to use her property as his own; that he had done it, and carried on business with it; that he had availed himself of the proceeds of it and pocketed them, and never accounted to her for them, and she had never asked him to do so, and that he had carried on the business of wine-making in part with her property (the property referred to and described in the complaint), and with other property of his own, and that he had for all this time carried on his business of wine-making, using this piece of property described in the complaint belonging to his wife as though it was his own, and with her consent and knowledge; that he used the place as if it was his own; that he planted it and plowed it and took the crops off and sold the crops and took the money; also, that he entered into a contract himself for the building of a stable and of a winery with her knowledge; that he entered into these contracts and concluded them, and that he paid various sums of money in the construction of these buildings, and that he was in the habit of so doing, and that she was living in a house on the property at the time.

"*Mr. Jordan.* — And that these things were going on with Mrs. Krug's knowledge?

"*Mr. Hayes.* — Yes, sir. She saw the buildings going up."

In 1885, after the lumber had been delivered and used as above stated, the husband failed in business, and was adjudged an insolvent debtor, and his assignees realized from the sale of all his property only about five per cent of his debts. The debt to plaintiff for lumber was put

in the schedule of his debts, and was proved against his estate by the plaintiff, after plaintiff had notice that the wife owned the land, but whether any dividend was paid thereon by the assignee to plaintiff does not appear. Of course, the wife's land, and the winery, and other structures thereon, above mentioned, did not go to the husband's assignee in insolvency, and the husband and wife are still residing on the land, which, as improved, is worth about one hundred thousand dollars, but subject to a mortgage of forty thousand dollars, given to secure debts contracted by the husband in the business carried on by him.

The following is a part of the testimony of the husband upon being called as a witness for plaintiff :—

"I am one of the defendants in this action; the other defendant is my wife. I moved upon the property where we now reside, about a mile north of the post-office at St. Helena, and described in the complaint, at the end of the year 1860. I had then about twenty-three hundred ($2,300) dollars of my own, which I used. The first money I spent on the place was to buy out Mr. Haskins, who was a squatter or renter on the place. I paid him a thousand ($1,000) dollars for moving off. I used the balance of the money in fencing, ditching, and whatever was needed. I had a business of my own at that time. I was then a wine-maker, and made wine in different places in Napa County,—in Napa City, in 1858, with John Patchett. After my marriage I made wine on this place, and on Mr. Yount's ranch on shares. The funds I received I used in my business. I managed the property of Mrs. Krug. I planted it and plowed it, and reaped the income from it, and used it in my business, mingling the funds with my own, and never rendered to Mrs. Krug any account of her portion of them. She never asked me for any account. It has been my constant practice since I went in business managing her property and my own business to mingle

the funds of myself and my wife, and continued this for thirty years. I do not know how much of my money I have used. I have sold a portion of the property of my wife. I sold, I think, somewhere about twenty-two or twenty-three thousand dollars' worth of her property, and used the money mostly in my business. I never rendered her any account of it; she never did ask me for any account; I have been in the habit of managing this property — her property — as though it was my own. I ceased to manage it on my own hook when I failed. I manage it to-day, but not in the style I did before. The difference is, that I am doing this work for Mrs. Krug now, and the money affairs go all through her hands. We have no more wine business; the business is gone, and so I am there and work for her. She does not and never did pay me a salary. What I need I suppose she gives me; bread and butter and a pretty good suit of clothes."

Both the husband and the wife testified that no express authority was ever given to the husband to act as agent for the wife; and there was no evidence tending to prove the expression of such authority in words, oral or written.

As to whether, after the commencement of the proceeding in insolvency, the wife acknowledged her liability to plaintiff, and promised to pay the debt, or any part of it, the evidence is conflicting.

The opinion of the court in granting a new trial concludes as follows: —

" The evidence fails to disclose a *precedent authorization* to act as her agent in purchasing the lumber and materials from plaintiff, unless it can be *inferred* from the *acts* and *relative situation* of the parties, and if the agency cannot be *so inferred*, then, if it existed at all, it must have been created by *subsequent ratification*.

" ' An agency may be created and an authority may

be conferred by a precedent authorization or a subsequent ratification.' (Civ. Code, sec. 2307.)

"The question arises here, Is the evidence sufficient to warrant the jury in finding either that Charles Krug was made her agent by *precedent authorization,* or that there was a *subsequent ratification* of his acts by her? For if there is not sufficient evidence to warrant them in so finding, the verdict should not stand; otherwise the motion should be denied.

"It is not contended there was any 'precedent authorization' given to Charles Krug to act as agent for his co-defendant.

"In order to constitute a 'subsequent ratification' of the act by the principal, it seems there must be evidence of previous knowledge on the part of the principal of all the material facts (*McClelland* v. *Whiteley,* 15 Fed. Rep. 322; 2 Greenl. 66); and it would seem that a ratification is only effectual when the act is done by a person professedly acting as the agent of the party sought to be charged as principal. (Am. & Eng. Ency. of Law, 431, and authorities there cited; *McLaren* v. *Hall,* 26 Iowa, 305.)"

These, so far as they are conclusions of law, appear to be correct, unless the learned judge intended to be understood that the evidence on the part of the plaintiff had no substantial tendency to prove "precedent authorization" of the husband to act as the agent of the wife in erecting the fixtures above mentioned upon her land, and in purchasing the lumber for that purpose. If he so intended, I think he was mistaken.

An agency, including the agency of a husband for his wife, may be proved by circumstantial evidence. (Wharton on Agency, secs. 44, 121, 126; *Burnett* v. *Fisher,* 57 Cal. 152; *Westgate* v. *Munroe,* 100 Mass. 227; *Bickford* v. *Dane,* 58 N. H. 185); and I think the circumstantial evidence on the part of the plaintiff in this case sensibly and substantially tended to prove precedent original

authority of the husband from the wife to erect the fixtures above mentioned upon her land, and for that purpose to purchase the lumber sued for.   But it is probable that the court based the order granting a new trial upon what it considered to be a preponderance in the weight of conflicting evidence in favor of defendants; and since the trial courts have criteria by which to determine the credibility of witnesses and the comparative weight of evidence for and against the respective parties not furnished to the appellate court by a transcript of the evidence, the decisions of trial courts as to the weight of evidence, especially in granting new trials, are seldom disturbed.

For the purpose of the new trial it is proper to add that although the plaintiff corporation was not aware of the agency of the husband at the time it sold the lumber, and then understood that it was selling directly to him, yet, upon discovering the agency of the husband, if any there was, it had the right to resort for payment to either the agent or principal, the husband or the wife. (*Ellis* v. *Crawford*, 39 Cal. 523; *Thomas* v. *Moody*, 57 Cal. 215; *Arnold* v. *Spurr*, 130 Mass. 347, 508; *Raymond* v. *C. & E. Mills*, 2 Met. 324; Wharton on Agency, secs. 464, 496.)

I think the order should be affirmed.

BELCHER, C., and FITZGERALD, C., concurred.

The COURT.—For the reasons given in the foregoing opinion, the order is affirmed.