[Sac. No. 184.   Department Two.—November 6, 1896.]

J. E. BERGTHOLDT, RESPONDENT, *v.* PORTER BROTHERS COMPANY, APPELLANT.

ACTION FOR SERVICES—LOCAL AGENCY FOR CORPORATIONS—AUTHORITY FOR EMPLOYMENT — SUFFICIENCY OF EVIDENCE. — In an action for services alleged to have been rendered by plaintiff and his assignor for a corporation defendant, evidence tending to show that the corporation recognized the person who employed the services of plaintiff and his assignor, as its local managing agent at the places of employment, and that the general managing agent of the corporation authorized and permitted such person to advertise and represent himself to the public as the agent for the corporation which was doing business at those places, is sufficient evidence of the authority of such person, actual or ostensible, to employ the plaintiff and his assignor to perform services necessary for the conduct of the business of the corporation at those places, notwithstanding a substantial conflict in the evidence as to the existence of such authority.

ID.—POWER OF AGENT—QUESTIONS OF FACT—PAROL PROOF—CIRCUM-
STANTIAL EVIDENCE.—Agency and the extent of the power of an agent,
are questions of fact, and may be established by parol proof, except in
those cases where a written authorization is expressly required by
positive law, and may also be established by circumstantial evidence.

ID.—ADMISSIBILITY OF CIRCUMSTANCES.—Where circumstantial evidence
is resorted to for the purpose of establishing an agency, all the facts
and circumstances showing the relation of the parties, and throwing
light upon the character of such relation, are admissible in evidence.

ID.—LIABILITY OF UNDISCOVERED PRINCIPAL.—One who deals with another
supposing him to be principal, but afterward discovers him to be the
agent of another in the transaction, may resort to the principal for pay-
ment.

ID.—ADMISSIBILITY OF DECLARATIONS OF AGENT—ASSUMPTION OF AGEN-
CY—UNDERSTANDING OF THIRD PARTIES.—Though the mere declara-
tions of a person are not proof that he is agent for another yet it is
proper to show that such person dealt with third parties as an assumed
agent of another, not for the purpose of proving the agency or its extent,
but to show that such third parties dealt with him as an agent, and not
as a principal.

ID.—PROOF OF WRITTEN AUTHORITY—HARMLESS DECLARATIONS.—Where
the written authority and instructions from the vice-president and gen-
eral managing agent of the corporation to a local agent to put the
sign of the corporation on his places of business, and to designate him-
self as its agent upon such signs, are in evidence, proof of his declara-
tions that he was putting up the signs by direction of the vice-president,
are of no moment.

ID. — CROSS-EXAMINATION — TIME OF RECEIPT OF LETTERS — CURE OF
ERROR.—Any error in refusing to allow cross-examination of the plain-
tiff by the defendant as to the time of the receipt of certain letters
offered in evidence, is cured by a subsequent permission of the court
at the close of the trial to open the case, to allow such questions to be
put by the defendant, although such permission was refused, unless the
case should be opened generally for the reception of testimony.

APPEAL from a judgment of the Superior Court of
Placer County.   J. E. PREWETT, Judge.

The facts are stated in the opinion.

*L. T. Hatfield,* for Appellant.

Upon the question of Moger's authority to bind de-
fendant for the payment of such subagents or employees
as he saw fit to employ, see Civ. Code, secs. 2298,
2300, 2310, 2316, 2317, 2319, 2322, 2334, 2350.   The
evidence shows that defendant, upon the first intimation
that Moger had assumed representative capacity, refused
to remit money through him, and repudiated and denied

any liability on his account. (*Chamberlain* v. *Pacific Wool etc. Co.*, 54 Cal. 106; *Harris* v. *San Diego etc. Co.*, 87 Cal. 526; *Deane* v. *Gray Brothers etc. Co.*, 109 Cal. 433; *First Nat. Bank* v. *Martin*, 56 Kan. 247.) The declaration of a party that he is an agent is not sufficient to bind anyone but himself. (*People* v. *Dye*, 75 Cal. 113; *Savings etc. Soc.* v. *Gerichten*, 64 Cal. 523; *Hubback* v. *Ross*, 96 Cal. 430; *Page* v. *Cortez* [Tex. Civ. App.], 31 S. W. Rep. 1071; *Missouri Pac. Ry. Co.* v. *Johnson*, 55 Kan. 344; *Dickerman* v. *Quincy etc. Ins. Co.*, 67 Vt. 609; *Richardson etc. Co.* v. *School Dist.*, 45 Neb. 777; *Owens* v. *New York etc. Co.* [Tex. Civ. App.], 32 S. W. Rep. 189; *Postal Tel. Co.* v. *Le Noir*, 107 Ala. 640.) The fact that certain billheads and other papers carried the name of A. Moger as agent of defendant is immaterial. (*Gaynor* v. *Pease etc. Co.*, 51 Ill. App. 292; Civ. Code, sec. 2322; *Chamberlain* v. *Pacific Wool etc. Co.*, *supra; Wickersham* v. *Crittenden*, 93 Cal. 32; *Burke* v. *Boors*, 92 Cal. 113; *Warburton* v. *Ralph*, 9 Wash. 537; *Bank of Clarke County* v. *Gilman*, 81 Hun, 486; 30 N. Y. Supp. 1111.) There was no ratification by defendant of Moger's acts. (Civ. Code, sec. 2312; *Deane* v. *Gray Brothers etc. Co.*, *supra; Davidson* v. *Dallas*, 8 Cal. 227; *Puget Sound etc. Co.* v. *Krug*, 89 Cal. 237; *Meux* v. *Hogue*, 91 Cal. 442.)

*D. E. Alexander*, and *Alexander, Muller & Gardner*, for Respondent.

If an agent transacts business in his own name and does not disclose his agency, but is agent for another, that other person is bound, and would be liable upon contracts of such agent. (*Ferguson* v. *McBean*, 91 Cal. 63; *Puget Sound etc. Co.* v. *Krug*, 89 Cal. 244.) The circumstances of this case show that Moger was the agent of defendant. (*Thomas* v. *Moody*, 57 Cal. 215.) In admitting the testimony, the court strictly followed the rules laid down in the case of *Ellis* v. *Crawford*, 39 Cal. 526–28, and there is no error.

Searls, C.—Action to recover for services rendered by plaintiff to the defendant, viz., a balance of six hun-

dred and eighty-nine dollars and twelve cents, and, as
assignee of F. H. Howell, to recover five hundred and
thirty-six dollars and ninety-three cents for services
rendered to defendant by said Howell. Plaintiff had
judgment for twelve hundred and twenty-six dollars and
sixty-five cents, and costs of suit.   Defendant appeals
from the judgment, and supports its appeal by a bill of
exceptions.

Porter Brothers Company, the defendant, was and is
a corporation organized and existing under and by vir-
tue of the laws of the state of Illinois.   Since 1892, and
prior to that date, it has been engaged in shipping fruit
from sundry points in California to Chicago, New York,
Omaha, Minneapolis, and perhaps some other points
east, where it sells and disposes thereof.   Its head office
in California seems to have been at Sacramento, and
Nate R. Salsbury was its vice-president and general
manager for California; Newcastle, Penryn, and Loomis
are stations upon the Central Pacific Railroad, situate in
the fruit region of Placer county, California.

A. Moger located at Newcastle in 1890, or early in the
year 1891, and engaged in shipping fresh or green fruit,
as it is termed, from that point east, consigning it mostly
to Porter Brothers Company, Chicago, for sale.   This
fruit was either purchased from the growers, or received
on consignment for shipment and sale.   In connection
with the business, Moger dealt in and furnished to fruit
growers packing material, consisting of lumber or shooks
for boxes, paper, etc., which last business yielded a
profit.

On the 2d of May, 1891, the plaintiff entered the em-
ploy of Moger as a book-keeper, at Newcastle, at a
monthly salary of seventy-five dollars, and continued to
work as such book-keeper, at the same place, until May
15, 1895.   On June (or January) 1, 1892, plaintiff was
informed by Moger that the defendant corporation had
purchased the property and business at Newcastle, and
that henceforth his employment would be under defend-
ant, at seventy-five dollars per month, until May, 1892,

and, thereafter, at one· hundred dollars per month.
Moger also, early in 1892, secured warehouses for the
receipt and shipment of fruit at Penryn and Loomis.
Thus far there is no substantial conflict in the testi-
mony.

But here a sharp conflict occurs in the testimony as
to whether defendant assumed and conducted the busi-
ness in Placer county from about January, 1892, up to
1895, on its own account, with Moger as its managing.
agent, or whether Moger was simply a soliciting agent
for defendant, with no authority to hire, on behalf of
defendant, the necessary assistants for the transaction
of the business.   F. H. Howell, who assigned his claim
to plaintiff, was employed as a shipping clerk in April,
1892, by Moger, who professed to act as the agent of de-
fendant, similarly with plaintiff, and need not be spe-
cially mentioned hereafter, as· the evidence applies
equally to both Howell and plaintiff.

The court below found that both plaintiff and Howell
were employed by defendant, and that ·their services
were necessary to the conduct of the business.   These
findings are attacked by appellant as being unsupported
by the evidence.   Their propriety depends upon the
authority of Moger as the agent, actual or ostensible of
defendant, to employ them on its behalf, for the reason
that there is no pretense that they were employed on
behalf of defendant, except through the agency of
Moger.

We might content ourselves in support of the find-
ings by the trite statement that there is a substantial
conflict in the evidence, and hence that the findings
will not be disturbed. · We will, however, refer to some
of the evidence in support of the deductions of fact
reached by the trial court, viz.:

1.  Prior to January 1, 1892, the warehouse at New-
castle was owned by the "Newcastle Fruit Association,"
and Salsbury, the vice-president of the defendant, had,
on behalf of defendant, loaned three thousand dollars to
the owners, secured by a mortgage on the property.

Defendant had negotiated for the purchase of the building, but thought the price too high, and did not purchase. A. Moger purchased the building in 1892 (in October or November), and gave a mortgage thereon to Salsbury (for defendant) of three thousand seven hundred dollars, in payment of which he conveyed the property to Salsbury (for defendant) in November, 1894.

The land upon which the building stood was the property of the railroad company, and most if not all the time since January, 1892, defendant has been the lessee thereof.

2. On the twenty-ninth day of February, 1892, Nate R. Salsbury wrote A. Moger from San Francisco a letter in which, after speaking of having a switch or sidetrack put in at the warehouse, he continued as follows: "If you secure the packinghouse at Loomis, I would suggest that you have a large sign painted on the roof, 'Porter Brothers Company, Chicago, New York, Minneapolis, Omaha. A. Moger, Agent.' Also have a sign painted for your house at Penryn, and get your sign painted on the Newcastle house as soon as possible." In March these signs were painted on the buildings. That at Newcastle, as is shown by a photograph in evidence, is as follows on the roof in large letters: "Porter Brothers Company," and on the front "Porter Bro's Company, Chicago, New York, Omaha, Minneapolis." The packinghouse at Penryn was similarly branded. Salsbury was at Newcastle several times in 1892, and saw these signs.

3. On or about January, 1892, the blank stationery used in the business, such as letterheads, receipts, bills of lading, etc., were changed. The letterheads were printed as follows: "Porter Brothers Company. A. Moger, Agent. Shipper Choice Mountain Fruit. Porter Brothers Company, Chicago, New York, Omaha, Boston, Philadelphia, New Orleans, Montreal." That defendant was aware of this mode of advertising is evidenced by the introduction in evidence of letters thus headed received by it from Moger, and by proof that

Salsbury visited Newcastle, examined the stationery thus or similarly headed, and made no objections thereto.

4. The fruit was shipped by defendant as consignor to defendant as consignee at various points east where defendant had branches or places of business. The following is a sample of shipping receipts: "Received by Southern Pacific Company from Porter Brothers Company, one car of green fruit, to Porter Brothers Company, Chicago." These receipts were at once sent to the Sacramento office, which was in charge of Salsbury, vice-president and manager, as aforesaid.

5. May 3, 1893, the Newcastle *News*, a newspaper published at Newcastle, contained an article on the extended business of Porter Brothers Company, with cuts purporting to be pictures of Washington Porter and Fred Porter, etc., in which article the following paragraph occurs: "Porter Brothers Company are represented in Placer county, by Captain A. Moger, assisted by Wallace Dewe at Penryn, and J. E. French at Loomis. The company will also be represented at Auburn." Extra copies of this paper were ordered, and the publisher thought he sent one to the company at Sacramento, but it was only a recollection, and he was not sure.

6. A. Moger shipped some fruit to local points, say Reno, Truckee, Oregon, etc. This was shipped in his own name.

7. In 1894 Moger failed to disburse to fruit growers and others, moneys forwarded him by defendant, and from about June, 1894, a change was made in the method of shipment, and checks were sent directly to shippers for balances due them for fruit.

In 1895, defendant settled the delinquencies of Moger by paying in full for fruit shipped through to it, and fifty cents on the dollar for fruit purchased by Moger and shipped elsewhere.

Other circumstances are in proof, but it is believed

the foregoing are sufficient to warrant the court in its findings.

*Errors of law.*—Nearly all the testimony on the part of plaintiff was objected to by counsel for defendant, and some forty errors are assigned upon the rulings of the court admitting or rejecting testimony.

Counsel for appellant has argued the questions thus raised in a general and discussive way, without much reference to them individually.

This method of argument, coupled with the character of the bill of exceptions, which is practically a statement of the evidence as taken by the reporter, intermingled with remarks of counsel and observations of the court, has made the task of ferreting out the questions involved a most difficult one.

We find most of the exceptions without merit. Others are ingenious, and, assuming the premises of appellant to be correct, are formidable, but upon a review of the record are found to be untenable.

For the sake of greater brevity we shall merely state the general legal propositions applicable to the case, and refer incidentally to some of the exceptions as coming within the several principles enunciated.

1. Agency and the extent of the power of an agent are questions of fact (*Farnum* v. *Phœnix Ins. Co.*, 83 Cal. 246; 17 Am. St. Rep. 233), and may be established by parol, except in those cases where a written authorization is expressly required by positive law. (*Carey* v. *Philadelphia etc. Petroleum Co.*, 33 Cal. 694.) It may be established by circumstantial evidence. (Wharton on Agency, secs. 44, 121, 126; *Burnett* v. *Fisher*, 57 Cal. 152; *Puget Sound Lumber Co.* v. *Krug*, 89 Cal. 243, and cases there cited.)

2. Where circumstantial evidence is resorted to for the purpose of establishing an agency, all the facts and circumstances showing the relation of the parties, and throwing light upon the character of such relation, are admissible in evidence. (*Ellis* v. *Crawford*, 39 Cal. 526, 528.)

3. If A sells goods to B supposing him to be a princi-
pal, but afterward discovers him to be an agent of C in
the transaction, he may resort to C for payment. (*Puget
Sound Lumber Co.* v. *Krug, supra,* and cases there cited;
*Ferguson* v. *McBean,* 91 Cal. 63.)

4. The mere declarations of a party are not proof that
he is agent for another. (*People* v. *Dye,* 75 Cal. 108;
*Hubback* v. *Ross,* 96 Cal. 426.)

But, notwithstanding the foregoing rule, it is proper
to show that a party dealt with a third party as an as-
sumed agent of another, not for the purpose of proving
the agency or its extent, but to show that such third
party understood he was dealing with the other as an
agent and not as a principal. (*Swinnerton* v. *Argonaut
Land etc. Co.,* 112 Cal. 375.)

Under the foregoing propositions the letters from
Salsbury to Moger directing him to placard the build-
ings with the name of the corporation defendant, and
relating to various matters touching the business; the
photographs showing that the buildings were marked as
directed; the letterheads and other stationery showing
that the business was conducted by defendant, with
Moger as agent; the shipping receipts and bills of lad-
ing showing the same thing, and many other circum-
stances, were admissible as tending to show that the
business at Newcastle, Penryn, and Loomis was con-
ducted by defendant, through Moger as its general
agent, aided by subordinates at Penryn and Loomis.

The evidence that Moger employed plaintiff for and on
account of the defendant was properly admitted.  The
court repeatedly stated during the trial that the declara-
tions of Moger were not admissible to prove his agency
or authority, and they were never in evidence for such
purpose.  The court did, however, admit evidence tend-
ing to show that from a given time the employment of
plaintiff by Moger was for the defendant, as tending to
show that plaintiff in good faith believed himself to be a
servant of defendant.  This was proper.

The declaration of Moger to the effect that he was

putting the signs on the building by instructions of defendant's vice-president was of no moment, as his written authority and instructions so to do by defendant were in evidence.

The error of the court, if any, in refusing to permit counsel for defendant on cross-examination of plaintiff to prove when he received certain letters of defendant, which he produced and offered in evidence, was cured by the action of the court after the trial closed, in offering to open the case, and permitting defendant to put the proffered questions, which was refused by defendant, unless the case should be opened generally for the reception of testimony.

The other errors complained of do not call for comment. Upon the whole case as made we see no sufficient cause for reversal, and recommend that the judgment be affirmed.

HAYNES, C., and BELCHER, C., concurred.

For the reasons given in the foregoing opinion the judgment is affirmed.

MCFARLAND, J., TEMPLE, J., HENSHAW, J.

Hearing in Bank denied.