[Sac. No. 793. In Bank.—March 18, 1902.]

## GILBERT DOBBS, Respondent, v. C. E. PURINGTON, Respondent, and ISAAC TRUMBO, Appellant.

JOINT ACTION—SEVERAL JUDGMENT.—In a joint action in this state against two or more persons sued upon a joint contract, judgment may be rendered severally in favor of the plaintiff against one or more of the defendants, or in favor of one or more of the defendants against the plaintiff.

ID.—SEPARATE ANSWER—FINDINGS—APPEAL FROM SEVERAL JUDGMENT—REVIEW.—Upon appeal from a several judgment rendered against one of the defendants, which is supported by the complaint, it does not concern the appellant that there is no separate finding upon the issue made by the separate answer of a co-defendant not appealing, in whose favor judgment was rendered, and the lack of finding thereupon will not be reviewed or considered.

APPEAL from a judgment of the Superior Court of Sacramento County. Matt F. Johnson, Judge.

The facts are stated in the opinion of the court.

Shortridge & Beatty, for Appellant.

White & Seymour, for Gilbert Dobbs, Respondent.

Lardner & Burns, for C. E. Purington, Respondent.

VAN DYKE, J.—Action brought to recover the sum of $1,170.36, alleged to be due to the plaintiff for goods sold to the defendants, Purington and Trumbo, by Knight & Co., assignors of the plaintiff. The complaint was unverified, and the defendants separately answered by way of a general denial. The court found that the plaintiff's assignors sold and delivered to defendant Trumbo merchandise of the reasonable value of $1,710.78; that he had agreed and promised to pay the same, but that only $540.42 had been paid, and that there was $1,170.36 still due and unpaid from said defendant to plaintiff, and rendered judgment accordingly in favor of the plaintiff and against said defendant Trumbo, and in favor of

defendant Purington and against the plaintiff for his costs.
The appeal of defendant Trumbo is upon the judgment-roll
without a bill of exceptions.

The main contention on the part of the appellant is, that
the action being joint against the two defendants, the finding
that only one is liable.is outside of the issues, and cannot
sustain the judgment. At common law, in an action against
two or more defendants for an alleged joint undertaking or
contract, the judgment was required to be against all the
defendants, or in favor of all, and in such case, if the plaintiff
failed to establish a joint contract or undertaking, all the
defendants were entitled to verdict and judgment, although
it were proved that one of them would have been liable if the
suit had been brought against him alone. But this is not the
rule under the code, nor was it under the old Practice Act.
In *Rowe* v. *Chandler,* 1 Cal. 167, this question of practice was
fully considered, after rehearing and further argument in the
case, and it was held that where two persons are sued jointly
upon a joint contract, judgment may be rendered in favor of
plaintiff against one of the defendants, or in favor of one of
the defendants against the plaintiff. The code declares:
''Judgment may be given for or against one or more of
several plaintiffs, and for or against one or more of several
defendants; and it may, when the justice of the case requires
it, determine the ultimate rights of the parties on both sides, as
between themselves. (Code Civ. Proc., sec. 578.) This has
always been the rule in this state. (See, further, *Lewis* v.
*Clarkin,* 18 Cal. 399; *People* v. *Frisbie,* 18 Cal. 402; *Shain*
v. *Forbes,* 82 Cal. 583; *Bailey* v. *Hall,* 110 Cal. 490.)

The allegations of the complaint are sufficient to support
the judgment, and it does not concern the appellant that there
is not a separate finding upon the issue made by the separate
answer of his co-defendant, Purington. That omission does not
in the least prejudice appellant. (Code Civ. Proc., secs. 452-
475; *Illinois Trust Co.* v. *Pacific etc. Ry Co.,* 115 Cal. 285;
*Hughes* v. *Alsip,* 112 Cal. 587; *Horton* v. *Dominguez,* 68 Cal.
642; *March* v. *Barnet,* 114 Cal. 375.) In the case last cited it
was held that upon the appeal from a judgment rendered only
against one of several defendants, and in favor of the other
defendants, objections made upon demurrer to the complaint

affecting the defendants not appealing, and any lack of findings upon issues of fact pertaining to them, will not be reviewed or considered.

The judgment is affirmed.

Garoutte, J., Harrison, J., Henshaw, J., and Beatty, C. J., concurred.

TEMPLE, J., concurring.—I concur. The point suggested for the first time in the department opinion, heretofore filed, was, that the contract found by the court was not the contract sued upon, and was therefore outside of the issues in the case. The complaint alleged a contract made between plaintiff on one side and Purington and Trumbo on the other. The court finds nothing in regard to the contract averred by plaintiff and denied by both defendants, but does find that another contract was entered into between plaintiff and Trumbo alone. No such contract having been averred, defendants were not called upon to admit or deny it,—as a matter of fact did not deny it,—and were not called upon to refute it by evidence.

This is the argument, but it ignores some of the facts. The complaint avers the sale of certain goods and the suit is to recover the price of these goods. In effect, the averment is, that they were purchased by the defendants; the finding is, that they were purchased by Trumbo. There is no bill of exceptions, and, for aught we can know, the issue tried below, with the consent of all parties, was whether the purchase of these particular goods was made by Trumbo. And since the court has made the finding, and no objection was made below or here, we will presume that such was the case. (*Churchill* v. *Baumann*, 95 Cal. 541; Code Civ. Proc., sec. 469.)

The language of the complaint is not entirely irreconcilable with the proposition that the promise to pay for the goods may have been several, although a joint request was alleged. The implication is no doubt very strong that the promise was also joint. But since the parties went to trial upon the issue of the separate liability of Trumbo without objection, and even since the judgment neither in the court below nor in this court have made any such objection, we must suppose that the parties agreed that the issue tried was properly made by the pleadings.

McFarland, J., concurred in the concurring opinion.