[S. F. No. 2478.    Department Two.—March 11, 1903.]

## JOE DE HAVEN, Respondent, v. JOHN McAULEY et al., Appellants.

MECHANIC'S LIEN—JUDGMENT FOR DEFENDANT—ORDER GRANTING NEW TRIAL—APPEAL—CONFLICTING EVIDENCE.—An order granting a new trial after judgment for defendant in an action to foreclose a mechanic's lien will not be disturbed where the findings were based upon conflicting evidence, and the trial court could decide the question either way as to whether the plaintiff's contract was or was not fully performed.

ID.—REVIEW UPON APPEAL.—Upon appeal from an order granting a new trial on plaintiff's motion, this court can only consider the questions raised and determined in the court below on the motion for a new trial, and cannot consider any errors of law committed at the trial which were excepted to by the defendant, nor will it consider any question which cannot affect the result of the appeal.

APPEAL from an order of the Superior Court of the City and County of San Francisco, granting a new trial.    John Hunt, Judge.

The facts are stated in the opinion.

George A. Proctor, and Benjamin Healey, for Appellants.

Alexander G. Eells, and H. K. Eells, for Respondent.

GRAY, C.—This action was brought to foreclose a mechanic's lien upon a lot of land in the city and county of San

Francisco belonging to defendant McAuley. The lien is claimed and was filed to secure payment for certain street-work in front of said lot, done under a contract between plaintiff's assignor and said defendant. On a trial of the case before the court without a jury, the findings and judgment were in favor of defendants; but a new trial was granted, on motion of plaintiff, and this appeal is by defendants from the order granting the new trial.

It does not appear from the record upon what ground the new trial was granted; but if we can discover any ground upon which the order could have been reasonably based the action of the trial court should be affirmed.

The court had found that the contract was not substantially complied with and performed by plaintiff, in that the sidewalks were not macadamized with four inches of macadam, as required by the contract, but only with from one and one quarter to two inches in some places, and in others no macadam whatever was laid; that the roadway was not macadamized to a depth of twelve inches, as called for in the contract, but only to a depth of eight or nine inches. The sewers were also found to be improperly constructed, not properly tamped and packed; and in some other respects the findings are, that plaintiff failed to fulfill his contract. These findings were specified as contrary to evidence, and attacked on the motion for a new trial. The evidence on the subjects to which they relate is sharply conflicting. While several witnesses testify to facts strongly tending to support them, two witnesses, one of them apparently disinterested, testify to facts showing that the contract was in every respect complied with; that the macadam was four inches thick on the sidewalk, and all of a foot thick in the roadway; and that the sewers were all right, and the work all properly done according to contract. The trial court could, under these circumstances, decide the issue as to the performance of the contract either way, and this court would not be warranted in interfering, as the facts are for the trial court to determine. It may be, then, that after a reconsideration of the facts on the motion for a new trial, the court reached an opposite conclusion as to where the preponderance of evidence lay upon this issue as to the substantial performance of the contract. It was within the province of the trial court

to do this, and thus we have disclosed a ground upon which it may well be that the new trial was granted, and with which it is not the province of this court to interfere. (*Puget Sound Lumber Co.* v. *Krug,* 89 Cal. 237.)

It is claimed by appellant that there is no evidence in the case to show a request, and for that reason there can be no valid lien under section 1191 of the Code of Civil Procedure, as this section permits a lien only to those who "at the request of the reputed owner" have done the work. Appellant also argues that there is no evidence that the work was done to the satisfaction of the street superintendent, as required by the contract. But we cannot consider these questions on this appeal from an order granting a new trial. We can only review the questions raised and determined in the court below on the motion for a new trial. The only record before us here is the judgment-roll and the bill of exceptions prepared and settled for the purposes of the motion in the court below. There are no specifications in that bill of exceptions directed at the insufficiency of the evidence in the respects named. Indeed, there are no specifications of insufficiency of the evidence made by appellant to be found in the record. And we cannot decide a question on appeal that does not appear to have been made or decided on the motion in the court below. It is not contended by appellant that the finding as to the depth of the macadam was immaterial by reason of some other finding showing that in some other respects the contract was not complied with, but the materiality of said finding seems to be conceded. Indeed, there is no finding either upon the question of a request by defendant or plaintiff to do the work, or upon the other question as to whether the work was done to the satisfaction of the street superintendent. The finding that the superintendent "never saw or examined the work" did not dispose of the condition of the contract requiring that the work should be done to his satisfaction. It is exceedingly difficult to understand how we can consider, or how the trial court could, on the motion, consider, the sufficiency of the evidence as to a matter not included in the findings. The questions not included in the findings are not decided by the court, and it is not possible to review decisions that have not been made.

Errors at law committed at the trial and excepted to by

defendant do not constitute a ground for reversing an order granting a new trial on plaintiff's motion. It is therefore not necessary to here determine whether any such errors were committed by the court.

Neither is it necessary to now determine whether the assignee of a contract for street-work can have a lien on the adjoining property for work done under the contract, as a determination of this question could not affect the result of this appeal.

We advise that the order be affirmed.

Haynes, C., and Smith, C., concurred.

For the reasons given in the foregoing opinion the order is affirmed.          McFarland, J., Lorigan, J., Van Dyke, J.