[Civ. No. 139.   Second Appellate District.—January 18, 1906.]

## C. E. McKEE, Respondent, v. M. CUNNINGHAM, Appellant.

HUSBAND AND WIFE—SEPARATION BY AGREEMENT—HUSBAND NOT LIABLE FOR NECESSARIES.—A husband, whose wife is living separate and apart from him by agreement, is not liable for necessaries supplied to her.

ID.—AUTHORITY OF HUSBAND FOR GOODS FURNISHED TO WIFE—JOINT ACTION—FINDING AND JUDGMENT AGAINST HUSBAND.—A finding in a joint action against husband and wife for goods furnished to the wife, that the husband authorized the purchase and agreed to pay the price, and that he alone is liable, is not outside the issues, and is sufficient to sustain a judgment against the husband.

ID.—JUDGMENT AGAINST WIFE—APPEAL BY HUSBAND.—The fact that judgment was also rendered against the wife, who does not complain thereof, does not concern or prejudice the husband upon appeal from the judgment against him.

ID.—PRESUMPTION—JOINT AND SEVERAL CONTRACT—EFFECT NOT VARIED.—The presumption is that the contract sued upon was joint and several, and the effect of such contract is not varied by the find-

ing that the husband authorized the purchase and agreed to pay the purchase price.

Id.—Assignment of Contract by Corporation—Corporate Seal—Presumption of Authority—Burden of Proof.—The assignment by a corporation of the contract of purchase made with it by the defendant, appearing with the seal of the corporation attached, is presumably authorized until the contrary is made to appear. The burden of showing want of authority was upon the defendant, and the mere fact that the record of the board does not disclose such authority is not conclusive proof of the want of it.

Id.—Support of Finding Against Husband—Conflicting Evidence.—Where the evidence was conflicting as to the authority given by the husband for the purchase of the goods on his account, and his agreement to pay for the same, the finding of the court against the husband will not be disturbed upon appeal.

Id.—Unauthorized Charge of Goods to Wife—Undisclosed Principal.—The mere fact that the company making the sale charged the goods to the wife without authority from her, in the absence of a contract that she would pay for them individually, would not of itself preclude the plaintiff's assignor from recovering the value thereof from the husband as the real purchaser, after his name as principal was disclosed.

Id.—Written Statement of Wife After Commencement of Action.—The written statement of the wife, after the commencement of the action, that she was the owner of the goods, cannot conclude the plaintiff in an effort to establish that the husband was the real purchaser and owner of the goods.

Id.—Irregularity not Affecting Substantial Right of Appellant.—If it be conceded to have been an irregularity to render a judgment against the wife under the evidence, it is not such an irregularity as would affect the substantial right of the husband as appellant, and warrant reversal of the judgment against him under section 475 of the Code of Civil Procedure.

APPEAL from a judgment of the Superior Court of Los Angeles County. D. K. Trask, Judge.

The facts are stated in the opinion of the court.

J. H. Shankland, and Jeff Paul Chandler, for Appellant.

F. E. Davis, and H. C. Millsap, for Respondent.

ALLEN, J.—The suit was brought by the plaintiff as assignee of the Los Angeles Furniture Company upon the al-

leged contract set out in the complaint, of date November 20, 1903; which is that on the day named, at the city of Los Angeles, "the said Los Angeles Furniture Company sold and delivered to the said defendants, and the said defendants had and received from the said Los Angeles Furniture Company, certain goods, wares and merchandise, for which the said defendants then and there agreed to pay the sum of $752.20"; which they have ever since refused to pay, etc. The answer denies the allegations of the complaint, and it is further pleaded, in separate defenses, in effect, among other things: That for many years the defendants have been living separate and apart by agreement; that the defendant appellant has never neglected to make adequate provision for the support of his wife; and that the debt sued upon is now secured by a mortgage, executed by Mrs. Cunningham since the beginning of the suit, upon the property alleged to have been sold to the defendants, and some other property, as her separate property, which was accepted and recorded by the plaintiff. The court finds the contract of sale sued upon as alleged in the complaint. But it is further found that the appellant defendant "authorized the purchase of said goods, wares and merchandise from the Los Angeles Furniture Company, and the delivery thereof to Mary E. Cunningham, his wife, . . . and agreed to pay therefor the sum of $752.90."

As to the mortgage, the facts are found as alleged; but it is found that a portion of the mortgaged property, consisting of the goods in question, was community property, and the rest his separate property, and that the mortgage was made without the husband's knowledge or consent and without consideration of any kind, and was therefore void. The other facts set up by the defendant are found as alleged. The conclusion of the court was that the plaintiff is entitled to judgment against the defendants, and each of them, for the sum alleged in the complaint, with interest, from which judgment the defendant M. Cunningham appeals, bringing up the evidence in a bill of exceptions.

It is clear upon the facts found that any claim of plaintiff to recover against defendant on the ground that the goods sold were necessaries cannot be maintained. (Civ. Code, secs. 174, 175.)

The main contention on the part of appellant is that the action being joint against the two defendants, the finding that only one is liable is outside the issues, and cannot sustain the judgment. Our supreme court in *Dobbs* v. *Purington,* 136 Cal. 70, [58 Pac. 323], has determined this question adversely to appellant's contention, it being there declared that the rule at common law is not the rule under our code. The fact that the judgment was also rendered against the wife, who is not here complaining in regard thereto, does not concern the appellant, and does not prejudice him. The presumption is that the contract sued upon was a joint and several one. (Civ. Code, sec. 1659.) The effect of the contract, therefore, is not varied by the additional finding that the appellant defendant authorized the purchase and agreed to pay therefor the sum of $752.90. Nor can the contention of appellant be sustained that the finding that the furniture company assigned and transferred the claim to the plaintiff herein before the bringing of the suit has no support in the testimony. The record discloses that a written assignment was executed under the seal of the corporation. This seal is its signature and presumably authorized, until the contrary is made to appear. The burden of showing want of authority was upon the defendant. The mere fact that the record of the board of directors does not disclose such authority is not of itself conclusive proof in that regard. The general custom of business, or authority of the board not entered of record, would be sufficient warrant upon the part of the secretary for attaching such seal.

In relation to the finding of the court that the appellant defendant authorized the purchase of the goods from the Los Angeles Furniture Company and the delivery thereof to Mary E. Cunningham, his wife, and agreed to pay therefor the purchase price, there was great conflict in the testimony. The trial court, however, seems to have accepted the testimony of the daughters in relation to the incidents of the transaction, from which it appears that the defendant stated to the daughters that if they would procure the mother, who was living separate from the defendant, but who seems to have charge of the daughters, maintaining a home with them, to remove to Pasadena, that appellant defendant would furnish the house, and if the furnishings could not be bought cheaper in Chicago than in Los Angeles, they, the daughters, were to purchase

the necessary furniture in Los Angeles—the defendant, however, to be furnished a list before such purchase was made. Upon appellant's notifying his daughters that it was not practicable to buy in Chicago, one of the daughters visited the furniture company's rooms, selected the goods, and made out a list thereof, and sent to the father, and subsequently the mother ordered the goods delivered; that, upon the defendant's return to California, he expressed himself as satisfied with the price at which the goods had been bought, and said that he would pay for them if the bill could be discounted. There is nothing in the record indicating that the mother ever promised to pay for the goods, or represented that she was able or willing to pay therefor, nor anything said tending to disclose the fact that the mother was acting for the husband in the purchase; nor is there anything in the record indicating the fact that the name of the principal was disclosed until after the delivery of the goods, when from the record it seems the wife said that they would pay for the goods upon the return of the husband from Chicago. The mere fact that the furniture company charged the sale to Mrs. Cunningham without authority from her, and in the absence of a contract that she would pay for them individually, would not of itself preclude the plaintiff's assignor from recovering the value of the furniture so sold from the real purchaser after the principal's name was disclosed. (*Ferguson* v. *McBean*, 91 Cal. 63, [27 Pac. 518] ; *Puget Sound Lumber Co.* v. *Krug*, 89 Cal. 237, [26 Pac. 902] ; *Bergtholdt* v. *Porter Bros. Co.*, 114 Cal. 688, [46 Pac. 738].) From the findings, the goods so purchased became and remained the property of the appellant, and he retains them, and should in law and morals pay therefor. (*Thomas* v. *Moody*, 57 Cal. 219.) Nor would the written statement of the wife, after the commencement of the action, that she was the owner of the goods, conclude the plaintiff in an effort to establish the real purchaser and ownership. Were it even conceded to be an irregularity in the proceedings to render a judgment against the wife under the evidence, it is not such an irregularity as would warrant a reversal of the judgment against the husband under section 475 of the Code of Civil Procedure.

We find no prejudicial error in the record, and the judgment is affirmed.

Gray, P. J., concurred.

SMITH, J.—I concur in the judgment, though with some hesitation. The complaint alleges a sale by the plaintiff's assignor "to the defendants," and the finding and judgment is in accordance with this allegation. There is no evidence tending to support this allegation or finding. But the evidence of the daughters of the defendants tends to prove that the defendant appellant authorized them and their mother, or one of them, to purchase the furniture on his account; and though their testimony is not altogether satisfactory, yet it would perhaps have justified the court in finding that the furniture was purchased by the appellant defendant. Were there such a finding, the case would come within the application of the decision in *Dobbs* v. *Purington*, 136 Cal. 70, [68 Pac. 323] ; but in the absence of such a finding, it is difficult to bring the case within that ruling. It is clear, however, that the joint sale to the defendants found by the court was also several; and the court finds that the appellant defendant "authorized the purchase of [the goods] and the delivery thereof" to Mrs. Cunningham, which would seem, in effect, to find that the purchase was on account of Cunningham. In support of the judgment, therefore, we may perhaps assume that there is a finding of a purchase by the appellant defendant, and disregard the finding as to Mrs. Cunningham's participation in the sale as being an erroneous conclusion of law from the evidence and immaterial. Upon this construction of the findings, the case would come within the application of *Dobbs* v. *Purington*, 136 Cal. 70, [58 Pac. 323].

But here another difficulty presents itself. There is, as I have said, absolutely no evidence tending to show a joint purchase. The apparent transaction, as shown by the evidence without contradiction, was a sale by the plaintiff's assignor to Mrs. Cunningham personally. Nor is there any evidence in the record tending to show that the transaction was different, except that of the daughters. Assuming this to be true, the transaction presented by the evidence was that of a purchase by an agent of an undisclosed principal in her own name. Such being the case, according to what seems to be the preponderating weight of authority, the plaintiff's assignor would have been put to its election, either to pursue the agent as the apparent principal or to pursue the real principal when disclosed. (*Thomas* v. *Moody*, 57 Cal. 215;

2 Cal. App.—44

*Puget Sound Lumber Co.* v. *Krug,* 89 Cal. 244, [26 Pac. 902] ; 40 American Digest, col. 1276, sec. 499; Story on Agency, sec. 291; Anson on Contracts, 462; 1 Parsons on Contracts, 63, 549.) Here the evidence of the election upon the part of the plaintiff's assignor, after a full knowledge of the transaction, to pursue Mrs. Cunningham as the purchaser, is clear and uncontradicted; and even after the commencement of the suit a chattel mortgage was taken by the plaintiff from Mrs. Cunningham on the furniture. The plaintiff, therefore, stands in the position of at once asserting an interest in the furniture by virtue of this mortgage, and of pursuing also the appellant defendant. This, under the rule cited, is not permissible, and assuming the rule to be as expressed, his election to pursue Mrs. Cunningham operated as a discharge of his claim, if any, to sue the appellant defendant. But I am not altogether satisfied of the propriety of the rule.

In this state of doubt, in support of the action of the court below, and upon the authority of *Dobbs* v. *Purington,* I feel constrained to concur in the conclusion of the majority of the court.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on March 19, 1906.