[Civ. No. 2565.    First Appellate District, Division One.—February 5,
1919.]

## N. IWANAGA et al., Respondents, v. A. D. HAGOPIAN et al., Appellants.

PARTNERSHIP—JOINT LIABILITY.—Generally and at common law a part-
nership obligation is joint, and not joint and several, and a judg-
ment against less than all the partners upon such obligation ex-
tinguishes the original claim against all.

ID.—DORMANT OR SILENT PARTNERS.—This rule that a partnership obli-
gation is joint, and not joint and several, obtains even where part-
ners, not made defendants, were dormant or silent partners whose
connection with the firm was unknown to the plaintiff when he com-
menced his action.

ID.—COMMON-LAW RULE IN CALIFORNIA.—In this state the common-law
rule has been expressly enacted by section 2442 of the Civil Code,
which declares the liability of copartners to be joint.

APPEAL from a judgment of the Superior Court of
Fresno County.    George E. Church, Judge.    Reversed.

The facts are stated in the opinion of the court.

C. K. Bonestell for Appellants.

A. M. Drew for Respondents.

KERRIGAN, J.—This is an appeal from a judgment by
default, the defendants declining to answer after order over-
ruling their demurrer to the complaint.

From that pleading it appears that the plaintiffs had ob-
tained a judgment against Albert D. Hagopian for work and
labor performed, and that subsequently, in attempting to
satisfy such judgment in proceedings supplementary to exe-
cution, they learned for the first time that Jas. D. and Baxter
D. Hagopian were copartners of Albert in the enterprise
upon which the plaintiffs' labor had been performed.    It also
appears from the complaint that the said judgment is still
unsatisfied, and in this action judgment is prayed as against
the copartnership and Jas. D. and Baxter D. Hagopian.

Generally and at common law a partnership obligation is
joint, and not joint and several.    Accordingly a judgment

against less than all the partners upon such a liability extinguishes the original claim against all, for the joint obligation has been merged in the judgment, and the obligation being joint, the individual partners have not undertaken to be severally liable. (1 Freeman on Judgments, sec. 231; *Wood* v. *Watkinson,* 17 Conn. 500, [44 Am. Dec. 562]; 30 Cyc. 596, 599; Bates on Law of Partnership, sec. 535.)

This rule obtains even where the partners not made defendants were dormant or silent partners whose connection with the firm was unknown to the plaintiff when he commenced his action. (23 Cyc. 1212; Gilmore on Partnership, p. 262.)

In some states the rigor of this common-law rule has been relaxed by statutes, which declare the obligations of copartners to be several as well as joint. But in this state the common-law rule has been expressly enacted by section 2442 of the Civil Code, which declares the liability of copartners to be joint, and we have no provision permitting several judgments to be recovered in several actions upon a joint obligation. The extent to which the common-law rule on this subject has been changed by the provisions of section 414 and section 989 of the Code of Civil Procedure is by permitting (section 414) an action brought against the joint debtors, but in which the summons has not been served on all, to proceed to judgment against those served; and (section 989) after judgment so obtained, to bring in any of the defendants not served by an order to show cause why they should not be bound by the judgment. (*Dobbs* v. *Purington,* 136 Cal. 70, [68 Pac. 323]; *Bailey Loan Co.* v. *Hall,* 110 Cal. 490, [42 Pac. 962]; *Kelly* v. *Bandini,* 50 Cal. 530, 532.) But those sections, while they doubtless remedy to some extent the inconvenience or hardship of the common-law rule, do not go so far as to reach persons not made parties to the original suit, even though such persons were dormant partners and the plaintiff at the time of the commencement of the action was unaware of their interest. (*Erwin* v. *Scotten,* 40 Ind. 389.)

The defendants' demurrer to the complaint raised this point, and in overruling it we are of the opinion that the court erred. The judgment is, therefore, reversed, with instructions to the trial court to sustain the demurrer to the complaint.

Waste, P. J., and Richards, J., concurred.