[Civ. No. 3864. First Appellate District, Division One.—July 15, 1921.]

SAN RAMON VALLEY BANK (a Corporation), Respondent, v. THE WALDEN COMPANY (a Corporation), et al., Defendants; R. S. N. BURDICK et al., Appellants.

[1] CORPORATIONS — EXECUTION OF WRITTEN INSTRUMENT — SEAL— PRIMA FACIE EVIDENCE OF AUTHORITY.—The presence of the seal of a corporation on an instrument executed by its officers is *prima facie* evidence of their authority.

[2] VENDOR AND VENDEE—MORTGAGE—AUTHORITY TO EXECUTE—ESTOPPEL.—Where the vendees under a contract for the purchase of real property agreed that the corporation vendor as part consideration might create an indebtedness to be secured by a mortgage on the property and that they would assume its payment, they are estopped in an action of foreclosure from asserting that the mortgage was executed by the corporation officers without authority.

APPEAL from a judgment of the Superior Court of Contra Costa County. R. H. Latimer, Judge. Affirmed.

The facts are stated in the opinion of the court.

J. N. Young for Appellants.

J. E. Rodgers and A. F. Bray for Respondent.

RICHARDS, J.—This action was instituted for the foreclosure of two mortgages covering a tract of land described as lot 21 in the Walden Tract, in the county of Contra Costa. The first of these mortgages was one purporting to have been executed by The Walden Company, a corporation, to the plaintiff herein on May 1, 1918, as security for a promissory note for the sum of $1,500; the second mortgage was one executed on November 25, 1918, by The Walden Company to one C. R. Hook, as security for its promissory note for the sum of $250, which lastnamed note and mortgage were assigned to the plaintiff herein on December 20, 1918. The defendants R. S. N. Burdick and Mary Burdick, his wife, who are the ap-

---

1. Effect of corporate seal as evidence, note, 64 **Am. St. Rep.** 260.

pellants herein, appeared in said action and filed their an-
swer therein, setting forth certain defenses which they are
now urging upon this appeal. A consideration of these
defenses requires a brief recital of the facts showing the
relation of the defendants Burdick to their codefendant,
The Walden Company, and to the premises affected by
these mortgages and by the foreclosure thereof. On and
prior to the fifth day of April, 1918, The Walden Com-
pany was the owner of lot 21 in the Walden Tract and on
that day entered into an agreement with R. S. N. Burdick
and Mary Burdick, which, while of a somewhat involved
nature, disclosing past dealings and differences between the
parties to it, amounts in substance to an agreement for
the conditional sale of said lot 21 in the Walden tract by
The Walden Company to the Burdicks for a purchase price
totaling $2,659.10, which was to be made up in the follow-
ing manner: The Walden Company was to negotiate a loan
of $1,500 secured by its mortgage upon the premises in
question, upon obtaining which it was to deed the premises
to the Burdicks, subject to the encumbrance thus created,
which they were to assume and pay; and, in addition to
this, they further agreed to pay The Walden Company the
sum of $1,159.10 in monthly installments of $150 as the bal-
ance of the purchase price of said premises until the
same was fully paid. Thereafter and on May 1, 1918, The
Walden Company, through its vice-president and secretary,
borrowed the sum of $1,500 from the San Ramon Valley
Bank, the plaintiff herein, giving the promissory note and
mortgage therefor, signed by its aforementioned officials and
attested by the seal of the corporation, which is the main
subject of this foreclosure suit. It was the contention of
the Burdicks at the trial and is their contention upon
this appeal that the said officials of The Walden Company
who executed said note and mortgage had no authority so
to do. This contention is based upon a certain resolution
of the directors of The Walden Company, passed by them
on May 1, 1918, authorizing the vice-president and secretary
of the corporation to borrow the sum of $1,000 from the San
Ramon Valley Bank, to be secured by a mortgage upon the
premises in question. [1] This resolution, according to the
appellants' contention, defines the limit of power of the said
officials of said corporation to engage in the transaction with

the San Ramon Valley Bank; but the resolution, when read in full, does not sustain this contention, since it not only shows that the loan of $1,000, which it purports to authorize, was a temporary matter, but also expressly shows that these very officials of The Walden Company who were by the terms of the resolution to consummate this temporary loan from the plaintiff had already in process of negotiation a loan of $1,500 from another party, which, when completed, would furnish the means of paying off the said temporary loan; in other words, the resolution, far from being or even suggesting a limitation upon the power of these officers of The Walden Company to borrow the sum of $1,500, and execute a note or notes, secured by a mortgage or mortgages therefor, discloses the possession and exercise by them of such power, and this is further and most fully borne out by the fact that they affixed the seal of this corporation to the final transaction with the plaintiff, the presence of which is of itself *prima facie* evidence of the power of the officials affixing it to consummate the transaction evidenced by the documents to which it was affixed. (*Miller* v. *Boyle Min. Co.*, 132 Cal. 97, [64 Pac. 122] ; *McKee* v. *Cunningham*, 2 Cal. App. 687, [84 Pac. 260] ; *Schalland* v. *Eel River Nav. Co.*, 70 Cal. 146, [11 Pac. 590].)

[2] In addition to the foregoing, however, we are of the opinion that upon the facts as shown by the record in this case, the defendants and appellants, Burdick, are in no position to question or dispute the authority of the officials of The Walden Company to make and execute the said note and mortgage to the plaintiff herein, since by the terms of their express agreement they had stipulated that The Walden Company might create an indebtedness in the sum of $1,500 to be secured by a mortgage upon the said premises and which indebtedness they had agreed to assume and pay as a consideration in part for receiving a conveyance to them of said premises. Having so agreed, and having received such conveyance, they are estopped to call into question the validity of the transaction to which they have thus assented and of which they have thus received the benefit. (*Alvord* v. *Spring Valley Coal Co.*, 106 Cal. 547, [40 Pac. 27].)

The foregoing reasoning and conclusions apply also to the subsequent note and mortgage to Hook for the sum

of $250, assigned to plaintiff. The authority of the same officials of The Walden Company to execute these documents is also shown by the affixed seal of the corporation, and while this small loan does not seem to have been in contemplation at the time the original papers between The Walden Company and the appellants were drawn, the result is the same, since the total sum with which the property in question is charged, by virtue of these two mortgages, amounts to less than the sum which the said appellants had agreed might be placed as an encumbrance upon said property and which indebtedness to the full extent of $1,500 they had agreed to assume and pay.

With respect to the appellant's plea and claim that they have been defrauded in the course of these transactions, there is not the slightest evidence in support of this contention, for while it is true that there is some little confusion in respect to the transactions between The Walden Company and the plaintiff, as to the time and manner of the receipt of the money borrowed by it from the bank and as to the repayment by it of a small portion of the loan, the findings of the trial court, which are sufficiently sustained by the evidence, clear up this confusion. By the findings, the loan to the full amount of $1,500 was made by the plaintiff to The Walden Company and the sum of $1,250 remains due and unpaid thereon. This finding is sufficient to fully support the judgment of foreclosure herein. The appeal is without merit.

Judgment affirmed.

Waste, P. J., and Kerrigan, J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on September 12, 1921.

All the Justices concurred.