WILLIAM S. HENRY, JR. *vs.* DAVID DENNIS.

SAME, and another *vs.* SAME.

Kennebec.    Opinion January 31, 1901.

*False Representations.    Deceit.    Sales.*

One who makes a misrepresentation, to render himself liable therefor, must have made it with the intention that it should be acted upon by the person to whom it is made or by one to whom he intended it should be communicated.

A representation made to one person with the intention that it shall reach the ears of another and be acted upon by him, and which does reach him, and is acted upon by him to his injury, gives the person so acting upon it the same right to redress as if it had been made to him directly.

Henry, the plaintiff in one of these suits, and one of the two plaintiffs in the other suit, prior to the formation of the co-partnership with the other plaintiff in the second suit, had been individually engaged in the wool business under the name of W. S. Henry, Jr., & Co. After the formation of the co-partnership, under the name of Henry & Parsons, to carry on the same business, he continued his individual business to the extent of selling from time to time wool which he had on hand at the time of the formation of the co-partnership, and which was not turned over to the latter.

After the formation of the co-partnership between the plaintiffs in the second suit, and while the plaintiff Henry was still selling on his own account this wool, he wrote in the name of W. S. Henry, Jr., & Co. to the Gardiner Woolen Company, making inquiries as to the financial condition of that company. The defendant, to whom this letter was turned over for the purpose, made reply by letter directed to W. S. Henry & Co., and therein made, as was found by the jury, certain false representations as to the financial condition of the Woolen Company, which misrepresentations were acted upon by Henry, both individually and as a member of the firm of Henry & Parsons, by selling and shipping wool to the company upon credit, both upon his own account

and upon that of the firm of Henry & Parsons. The defendant did not know of the existence of the firm of Henry & Parsons, nor did he know that Henry was doing business alone under the firm name of W. S. Henry, Jr., & Co.

*Held;* that the defendant must have contemplated that the contents of his letter would either be communicated to other members of any firm of which Henry was a partner, in that business, and be acted upon by the firm, or that Henry, acting for a firm, would be induced by his letter to give credit to the Woolen Company; and that the defendant is liable to the firm, the members of which are the plaintiffs in one suit, for such injury as it suffered in consequence of the misrepresentations contained in his letter, whereby the firm was induced to make sales of its goods to the Woolen Company upon credit.

See *Same* v. *Same,* 93 Maine, 106.

On exceptions by defendant.    Overruled.

Two actions on the case to recover damages for false and fraudulent representations of the defendant in relation to the Gardiner Woolen Company, as set forth in two writs and two declarations claiming upon two distinct and separate accounts.    The cases were tried together by direction of the court.

One writ was in favor of W. S. Henry, Jr., doing business as W. S. Henry, Jr. & Company *vs.* David Dennis, on an account for $618.25, including interest; the other was in favor of W. S. Henry, Jr., and Chas. S. Parsons, co-partners in business under the firm name of Henry & Parsons *vs.* David Dennis for $1,208.18, including interest.

The letter of inquiry in regard to the standing of the Gardiner Woolen Company, the reply to which by Dennis is the basis of the charge of misrepresentation and of the verdict in both these cases, was written by W. S. Henry, Jr., and signed by W. S. Henry & Company, the name under which he was then doing business. The reply of David Dennis as to the standing of the Gardiner Woolen Company, the basis of alleged misrepresentation, was directed to W. S. Henry & Company. The firm of Henry & Parsons was not mentioned by W. S. Henry in his letter of inquiry, nor in any way known to David Dennis at the time of his reply. W. S. Henry, Jr., was at the time the above correspondence passed a member of the said firm of Henry & Parsons.

The claim of W. S. Henry, Jr. and Company, $618.25, was admitted without objection, but the claim of Henry & Parsons

amounting to $1,208,18 as set forth in the second writ was objected to and admitted as appears from the following transcript of the testimony in the case.

Extract from evidence of William S. Henry, Jr.

1. Is exhibit marked "Plff. 40 9-10," the unpaid account of Henry & Parsons?

(Objected to by Mr. Spear, for defendants, on the ground that the alleged representations made by Dennis were made directly to W. S. Henry & Company, Henry being the "Company," and not to Henry & Parsons; that there was no privity of contract whatever between Henry & Parsons; and that Dennis, even if the allegations were true, could not be held to any party except the one to whom he directly sent his letter or made the representations.)

Mr. Cornish, for plaintiff: These representations were made, as the evidence shows, to Henry. Now, I claim that anything Henry did in consequence of these representations—any goods which he shipped, either from his old stock, that of W. S. Henry, Jr., or from Henry & Parsons—in either event was in consequence of this letter, and the results follow naturally in one case as in the other.

The Court: Your objection, Mr. Spear, would go completely to one of these suits. If that be sustained, one suit will go out. (Admitted subject to objection.)

Ans. It is.

Exhibit, "Plff. 40 9-10," offered and read.

Exhibit, "40 9-10," was the account of Henry & Parsons, for $1,208.18.

All the testimony in the case touching the connection between W. S. Henry, Jr. & Company and Henry & Parsons, form a part of the exceptions.

*L. C. Cornish,* for plaintiff.

Counsel cited among other cases: *Bedford* v. *Bagshaw,* 4 H. & N. 538; *Peek* v. *Gurney,* L. R. 6 H. L. 377; *Eaton, Cole & Burnham Co.* v. *Avery,* 83 N. Y. 31.

*A. M. Spear*, for defendants.

Counsel argued: There was absolutely no privity of contract or contractual relations between Henry & Parsons as a firm, and Dennis, when Dennis wrote the letter complained of. Nor was the representation made to Henry, as a member of a firm, but to him as an individual, doing an individual business, as Henry's own statements show; it can make no legal difference whether he did his own individual business in the same store with Henry and Parsons or a mile away.

The statute modifying the common law is still in force. *Hearn* v. *Waterhouse*, 39 Maine, 96; *Brown* v. *Kimball*, 84 Maine, 280. Counsel also cited: 2 Addison Torts, p. 402; *Carter* v. *Harden*, 78 Maine, 528; *Winterbottom* v. *Wright*, 10 M. & W. 109; *Baker* v. *Jewell*, 6 Mass. 461; *Mann* v. *Blanchard*, 2 Allen, 386; *Kimball* v. *Cumstock*, 14 Gray, 508; 1 Lindley Partnership, p. 252.

The only class of cases in which fraudulent representation can be extended beyond the person to whom it is made, and whom it is intended to influence, are those cases in which the party making the representation owes a duty to the public, as in the case of *Thomas* v. *Winchester*, 6 N. Y. 397.

SITTING: WISWELL, C. J., WHITEHOUSE, STROUT, SAVAGE, POWERS, JJ.

WISWELL, C. J. For some time prior to May 1, 1896, Henry, the plaintiff in one of these suits, had been engaged in the wool business alone, under the name of W. S. Henry, Jr. & Co. On that day he formed a copartnership in the same business with one Charles C. Parsons and the business was subsequently carried on in the firm name of Henry & Parsons. But after the formation of the firm, Mr. Henry continued his individual business, in the name of W. S. Henry, Jr. & Co., to the extent of selling from time to time a quantity of wool which he had on hand at the time of the formation of the copartnership.

On August 15, 1896, after the formation of the firm of Henry & Parsons, but while Mr. Henry was still selling on his own account the wool which he previously had on hand and which had not been

turned over to the firm, Henry wrote a letter to the Gardiner Woolen Company, in which he referrred to an order for wool just received and in which he says : " At Mr. W. D. Eaton's request we sent you the little lot without any knowledge of your financial standing, but if we are to continue to ship you wool on 60 days time, we feel justified in informing ourselves in that respect and we presume that you would prefer to have us inquire directly of you than of outside parties. . . . . Will you kindly favor us with full particulars which we trust will warrant a continuation of our business relations to our mutual benefits." This letter was dictated by Mr. Henry, as shown by the letter, but was signed in the name of W. S. Henry, Jr. & Co.

In reply to this letter of inquiry, the defendant, to whom the letter was turned over for reply, under date of August 24, 1896, wrote a letter directed to W. S. Henry & Co., which, it is claimed, contained false and material representations as to the financial standing and condition of the Gardiner Woolen Company, which were subsequently acted upon by Mr. Henry, both individually and as a member of the firm of Henry & Parsons, by making sales to the Woolen Company on credit, upon his own account and upon that of the firm. The plaintiffs, Henry in one case and Henry & Parsons in the other, being unable to collect of the Woolen Company the amounts due them, because of its insolvency, brought these two actions to recover for the injuries sustained by them by reason of the alleged misrepresentations of the defendant.

The two cases were tried together and the jury found against the defendant in both cases. The only question now presented by the exceptions is, whether or not the representations contained in the defendant's letter directed to W. S. Henry & Co. could have been so acted upon and relied upon by Mr. Henry as a member of the firm of Henry & Parsons, that the defendant would be liable to that firm for any injury sustained by it on account thereof, as well as to Henry individually for any injury sustained by him for the same reason.

It is urged in behalf of the defendant that he should not be and is not liable to the firm of Henry & Parsons for any misrepresenta-

tions contained in that letter, because the letter was not directed to the firm and because there was no privity between it and the defendant. The case shows that the defendant did not know of the existence of Mr. Parsons or of the firm of Henry & Parsons. But Henry was the active member of the firm and the one who made these sales upon credit to the Woolen Company, and the jury must have found that Henry was induced to make these sales upon credit, both for himself and for the firm, by the representations contained in the defendant's letter, and that in making the sales and in extending credit to the company, both individually and as a member of the firm, he relied upon these representations.

No authority exactly in point has been called to our attention, but the general principles relative to the liability of a person for injuries caused by such misrepresentations, are well settled. One who makes a misrepresentation must, to render himself liable, have made it with the intention that it should be acted upon by the person to whom it is made or by one to whom he intended it should be communicated, and he is therefore responsible to such persons only as it was intended for.

It is a general rule that a person cannot complain of false representations, for the purpose of maintaining an action of deceit, unless the representations were either made directly to him, with the intention that they should be acted upon by him, or made to another person with the intention that they should be communicated to him and acted upon by him. A representation made to one person with the intention that it shall reach the ears of another and be acted upon by him, and which does reach him, and is acted upon by him to his injury, gives the person so acting upon it the same right to relief or redress as if it had been made to him directly. Am. & Eng. Encyl. of Law 2d. Ed. Vol. 14, pp. 148 and 149, and cases there cited. See also *Hunnewell* v. *Duxbury*, 154 Mass. 286; *Nash* v. *Minn. Title Ins. & Trust Co.*, 159 Mass. 437.

Applying these general principles to the particular question here involved, we think that the defendant is liable to the firm for such injury as it suffered in consequence of the misrepresentations con-

tained in his letter, whereby the firm was induced to make sales of its goods to the Woolen Company upon credit. The answer of the defendant to the letter of inquiry was directed to a firm, its object was to obtain credit for the Woolen Company from a firm of which Henry was a member. True, the defendant did not know that Parsons was associated in business with Henry, nor did he know, so far as the case shows, that Henry was also doing business alone under a firm name. But he must have contemplated that the contents of this letter would either be communicated to other members of any firm of which Henry was a partner, in that business, and be acted upon by the firm, or that Henry, acting for a firm, would be induced by his letter to give credit to the Woolen Company. The letter was not only intended for Henry, but as well for those associated with him in that business.

It is of no consequence that the letter was directed to W. S. Henry & Co., when it was in fact relied upon by Henry as a member of the firm of Henry & Parsons. It is not necessary, in order for a defendant to be liable for the consequences of his misrepresentations, that he should know the names of the persons to whom the misrepresentations may be communicated, provided he contemplated that they should be communicated to others and be acted upon by them.

Here, as the case shows, Henry, to whom the misrepresentation was directly made, was induced thereby, as a member of the firm of Henry & Parsons, to sell the firm's goods on credit, and thereby the firm suffered. This is precisely what was within the intention of the defendant, he is consequently liable therefor. This result is in accordance with the ruling of the court at the trial.

*Exceptions overruled.*