[Civ. No. 3059.   Second Appellate District, Division One.—September 8, 1919.]

## KATE HEGEL, Respondent, v. GRACE B. HANNAS et al., Appellants.

[1] RESCISSION — CONSTRUCTION OF CODE SECTIONS.—Sections 1691, 3407, and 3408 of the Civil Code, which relate to the rescission of contracts, must be construed together. They are not mere statutory law, but are declaratory of well-understood principles of equity.

[2] ID.—RETURN OF PARTIES TO STATU QUO—EQUITY.—It is not an invariable rule that the rescission of a contract obtained by fraud will be denied merely upon the ground that the parties cannot be placed in *statu quo*. If equity can still be done between the parties, courts will grant relief to the defrauded party.

[3] ID.—EXCHANGE OF REAL PROPERTIES — KNOWLEDGE OF FRAUD — MAKING OF CROPPING AGREEMENT—ACTION TO RESCIND—DECREE.— Where one party to an exchange of real properties enters into a short-term cropping contract covering the land received by her prior to knowledge that the representations made to her were untrue, in a subsequent action to rescind the contract of exchange, provisions in the decree that the property conveyed by the plaintiff to the defendants be reconveyed to the plaintiff, that upon that conveyance the plaintiff deliver to the defendants a reconveyance of the property conveyed by the defendants to the plaintiff, and that the plaintiff also deliver to the defendants an assignment in writing conveying to the defendants all her rights and interest in and under the cropping agreement and also to all crops raised on said land under said agreement, are sufficient to restore the defendants to substantially the same position in which they would have been if the rescinded conveyances had not been made.

APPEAL from a judgment of the Superior Court of Los Angeles County, and from an order denying a motion to vacate said judgment and enter a different judgment. Frank G. Finlayson, Judge.   Affirmed.

The facts are stated in the opinion of the court.

R. T. Quinn for Appellant.

Charles J. Kelly and D. A. Stuart for Respondent.

2.   Duty to place other party in *statu quo* on rescission of contract, note, 30 L. R. A. 44.

CONREY, P. J.—The defendants appeal from the judgment and from an order denying their motion for an order vacating the judgment and for an order to amend and correct the conclusions of law and to enter a judgment for the defendants instead of the judgment rendered in favor of the plaintiff.

Both appeals raise the same question. The action was brought to rescind an exchange of real property between the plaintiff and the defendants. Upon evidence the sufficiency of which is not disputed, the court found that the transaction was tainted by fraud on the part of the defendants and that the plaintiff is entitled to rescind. Finding XI reads as follows: "That after the plaintiff obtained possession of the land described in exhibit C and before she knew that the representations made to her by said Heber, which are hereinbefore found to be untrue, were in fact untrue, she made a cropping contract of said land for cropping purposes for the period of one year from the eleventh day of January, 1918, to and with one Manuel Dueso, and by the terms of this cropping contract said Manuel Dueso has the right to go upon said land for the purpose of raising crops thereon until January 11, 1919, that under the terms of said cropping contract said Manuel Dueso has raised a crop of barley hay, and has now growing on said land a crop of beans; that one of the conditions of said cropping contract is that the plaintiff is to receive one-fourth of each of these crops, but has not yet received any part of either of them, but one-fourth of said hay crop is on said land ready for delivery by said Manuel Dueso. That said land has no buildings or improvements thereon, and is only adapted to agricultural purposes, such as provided for in said cropping contract; that said cropping contract was an ordinary and proper use thereof; that otherwise than as provided by said cropping contract the plaintiff is able to surrender full possession of said land to the defendants; that the defendants are entitled to the one-fourth part of said crops that would have gone to the plaintiff under said cropping contract; that the making of said cropping contract, and the keeping of the land in cultivation thereunder, was beneficial to said land, otherwise it would be in an uncultivated condition and weeds would have grown thereon and reduced the value of said land; said cropping

contract has increased the value of said land, and, therefore, the defendants are not entitled to any other compensation on account of the right outstanding in said Manuel Dueso to go upon and use said land up to January 11th, 1919, than said one-fourth of said crop.'' The court ordered that the property conveyed by the plaintiff to the defendants be reconveyed to the plaintiff. It ordered that upon that reconveyance the plaintiff deliver to the defendants a reconveyance of the property conveyed by the defendants to the plaintiff, and that the plaintiff also deliver to the defendants an assignment in writing conveying to the defendants all her rights and interest in and under the Dueso lease, and also to all crops raised on said land under said lease.

[1] Section 1691 of the Civil Code provides that the party rescinding a transaction ''must restore to the other party everything of value which he has received from him under the contract; or must offer to restore the same, upon condition that such party shall do likewise, unless the latter is unable or positively refuses to do so.'' Sections 3407 and 3408 of the Civil Code are as follows: ''§ 3407. Rescission cannot be adjudged for mere mistake, unless the party against whom it is adjudged can be restored to substantially the same position as if the contract had not been made.'' ''§ 3408. On adjudging the rescission of a contract, the court may require the party to whom such relief is granted to make any compensation to the other which justice may require.''

Appellants contend for a strict application of the foregoing provisions of section 1691, and claim that the subsequent provisions above quoted cannot be applied until it is first shown that the plaintiff has fully and absolutely complied with section 1691. We do not agree with this contention. The three sections must be construed together. They are not mere statutory law, but are declaratory of well-understood principles of equity. [2] ''It is not an invariable rule that the rescission of a contract obtained by fraud will be denied merely upon the ground that the parties cannot be placed in *statu quo*. If equity can still be done between the parties, courts will grant relief to the defrauded party.'' (*Green* v. *Duvergey*, 146 Cal. 379, 389, [80 Pac. 234, 238].) [3] It is our opinion that the provisions as made in the decree in this case are sufficient to restore the defendants to substan-

tially the same position in which they would have been if the rescinded conveyances had not been made. The Dueso lease was made for such a short time and upon such terms that the existence of such lease does not prevent the plaintiff and the court acting in this matter from doing substantial justice to the defendants, while at the same time the plaintiff's undoubted right to a rescission is enforced.

The judgment and order are affirmed.

Shaw, J., and James, J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on November 6, 1919.

All the Justices concurred.