[Civ. No. 4439. Second Appellate District, Division One.—December 4, 1923.]

## ADELPHI A. ARTHUR, Appellant, v. S. C. GRAHAM, Respondent.

[1] RESCISSION — RESTORATION TO STATUS QUO — FRAUD — EQUITY. — While the general rule of law is that there can be no rescission unless the parties can be restored to *status quo*, nevertheless

---

1. Duty to place other party *in statu quo* on rescission of contract to purchase real estate, note, 30 L. R. A. 44.

where defendant has been guilty of fraudulent acts or conduct which have induced the agreement between him and plaintiff and it is possible to bring about substantial justice by adjusting the equities between the parties, the fact that the *status quo* cannot be exactly reproduced will not preclude the plaintiff from equitable relief.

[2] ID.—PLEADING—AGENCY—SURPLUSAGE.—In a suit for rescission of a transaction in which defendant sold certain real property to plaintiff, where the ultimate facts are ˙pleaded sufficiently to comply with the requirements of the rules of pleading in a suit for rescission on the ground of fraud, the omission by plaintiff to insert in the complaint allegations with reference to the agency of certain real estate firms which represented plaintiff and defendant, respectively, may be disregarded on the ground that the inclusion of such allegations in the complaint would be evidentiary matter and surplusage.

[3] ID.—EVIDENCE—AGENCY—CONVERSATIONS.—In such action, as any statements made by defendant's agent to plaintiff, or to her agent to be communicated to plaintiff, would be binding upon defendant, evidence proffered by plaintiff for the purpose of proving such agency, or regarding any conversations between defendant personally and plaintiff, or as between defendant personally and plaintiff's agent with like intentions that such conversations should be repeated to plaintiff, should have been admitted, as should any evidence tending to show knowledge on the part of defendant or his agent that a certain firm throughout the transaction in question was acting as the agent of plaintiff; and statements made by ˙either defendant or his agent being admitted, plaintiff should have been permitted to show their falsity.

APPEAL from a judgment of the Superior Court of Los Angeles County. Fred H. Taft, Judge. Reversed.

The facts are stated in the opinion of the court.

Herbert J. Goudge, Harry W. Hanson and F. Walton Brown for Appellant.

Meserve & Meserve for Respondent.

HOUSER, J.—This is an appeal from a judgment in favor of defendant, arising out of a suit for rescission of a transaction in which defendant sold certain real property to plaintiff.

So far as the questions here involved are concerned, the allegations of the complaint were, in substance, that defendant was the owner of the land in question; that he sold the property to plaintiff; that the purchase was induced by fraudulent representations of defendant and his agents made to plaintiff; that plaintiff offered to rescind and tendered to defendant a deed to the property, and offered to defendant or to the court to place defendant *in statu quo* and to do equity in the premises. The complaint contained further allegations showing, among other things, that at the time the sale was made the property was encumbered to the extent of a trust deed thereon to secure the payment of the sum of $15,420, and "that thereafter the plaintiff, not knowing the said representations and statements of the defendant made as hereinbefore stated to be false, fraudulent and untrue, paid the said trust deed and thereafter the plaintiff, still ignorant of the falsity of the said statements and representations, procured a loan on said real estate of ten thousand dollars ($10,000), . . . which loan is now secured by a first mortgage on said real estate." Also, that prior to the sale to the plaintiff, defendant had given an option to certain persons by which they acquired the right to purchase the property, which option was extended personally by defendant in order that plaintiff might become the purchaser and that the said optionees, "with the knowledge and approval of the defendant, consented that the said purchase and sale might be made directly by the plaintiff from the defendant and from the defendant to the plaintiff."

The pleadings and such evidence as was admitted by the court also developed the fact that the option alleged to have been given to plaintiff by defendant was not a direct contract, but that the facts were to the effect that defendant had originally given an option to purchase the land to the firm of Burnett & Company, and that through the means of a written offer to Burnett & Company the firm of Allen & Irwin had secured its option from Burnett & Company (who accepted the offer) and which action by Burnett & Company was personally authorized by defendant in the following words: "I hereby authorize you to accept above offer on the condition that the payment of $500 for option is made to you to-day."

Plaintiff offered evidence to prove that, with the knowledge of Burnett & Company and defendant, the firm of Allen & Irwin was acting on behalf of plaintiff; that both Burnett & Company and defendant knew that it was plaintiff and not Allen & Irwin who was purchasing the property and that any representations made to Allen & Irwin by either Burnett & Company or defendant were made with the understanding and intention on the part of Burnett & Company and defendant that they be communicated to plaintiff; that throughout the entire transaction Burnett & Company was defendant's acknowledged agent; that the property was purchased by plaintiff directly from defendant, and that plaintiff paid to defendant personally the $500 deposit made at the time defendant consented to the option taken in the name of Allen & Irwin. Also that plaintiff entered into an escrow directly with defendant for the purchase of the property; that defendant received the purchase money deposited by plaintiff in the escrow, and through this escrow plaintiff received a deed to the property. Plaintiff also offered to prove that certain material representations made by defendant to plaintiff and by Burnett & Company, either to plaintiff personally or to Allen & Irwin to be communicated to plaintiff, were untrue; that plaintiff had offered to rescind the contract of purchase and had tendered a deed of the property to defendant. To each question propounded to witnesses called on behalf of plaintiff, and by which plaintiff expected to prove each of the foregoing elements of plaintiff's cause of action, objection was made by counsel representing defendant and each of which objections was by the court sustained. It is because of such rulings by the court that plaintiff seeks a reversal of the judgment.

[1] In defense of the several rulings made by the court as to the admissibility of such proffered evidence, it is contended by defendant that the complaint fails to state a cause of action against defendant in that "the complaint shows on its face that there was no power in the plaintiff to restore defendant to the status in which he was at the time of the transaction in question"; and that the rule of law is that there can be no rescission unless the parties can be restored to *status quo*—the point being that when the property was sold to plaintiff it was encumbered by a trust

deed amounting to $15,420, payable at a certain time and under certain conditions; whereas at the time of the attempted rescission the property was mortgaged for only the sum of $10,000, but with terms and conditions differing from those contained in the trust deed, and that plaintiff in her notice of rescission demanded from defendant not only the money which she had originally paid to defendant at the time the sale was made, but, in addition thereto, the sum of $5,420, being the difference between the original $15,420 encumbrance on account of the trust deed and the $10,000 mortgage against the property as of the date of the notice of rescission.

The general rule is in accord with defendant's contention. However, the authorities are somewhat numerous to the effect that where defendant has been guilty of fraudulent acts or conduct which have induced the agreement between him and the plaintiff, courts of equity are not so much concerned with decreeing that defendant receive back the identical property with which he parted in the transaction, as they are in declaring that his nefarious practices shall result in no damage to the plaintiff. Persons who attempt to secure profits by deceitful means may not confidently expect to receive special consideration from courts of equity. In such a case, as a result of the rescission by the court, nothing is exacted from the plaintiff out of particular regard for the condition of the defendant. If his fraudulent acts have resulted in disastrous financial consequences to himself, it is no one's fault but his own, and he must sustain the necessary inconveniences thereby entailed. (*Neblett* v. *McFarland*, 92 U. S. 473 [23 L. Ed. 471, see, also, Rose's U. S. Notes]; *Masson* v. *Bovet*, 1 Denio, 69 [63 Am. Dec. 651]; *Green* v. *Duvergey*, 146 Cal. 390 [80 Pac. 234].) Where it is possible to bring about substantial justice by adjusting the equities between the parties, the fact that the *status quo* cannot be exactly reproduced will not preclude the plaintiff from equitable relief. No matter what may be the complications or complexities, the powers of a court of equity are so broad ,as to adequately meet the exigencies of the case and render a decree which will justly determine the rights of the respective parties. (*Green* v. *Duvergey, supra; Kelley* v. *Owens*, 120 Cal. 510 [47 Pac. 369]; *California etc. Co.* v. *Schiappa-Pietra*, 151 Cal. 740

[91 Pac. 593]; *Spreckels* v. *Gorrill,* 152 Cal. 392 [92 Pac. 1011]; *Neblett* v. *McFarland, supra; Myrick* v. *Jacks,* 33 Ark. 430; *Gatling* v. *Newell,* 9 Ind. 579; *Menefee* v. *Oxnam,* 42 Cal. App. 81 [183 Pac. 379]; *Hegel* v. *Hannas,* 43 Cal. App. 218 [184 Pac. 898]; *Paquin* v. *Milliken,* 163 Mo. 79 [63 S. W. 426].)

[2] Other objections by defendant to the complaint relate to the failure of plaintiff to allege that the firm of Burnett & Company was the agent of defendant in the transaction in question, or that the firm of Allen & Irwin was the agent of plaintiff therein. An examination of the complaint, however, shows that ultimate facts are pleaded sufficiently to comply with the requirements of the rules of pleading in a suit for rescission on the ground of fraud; and the omission by plaintiff to insert in the complaint allegations with reference to the agency of Burnett & Company, or the agency of Allen & Irwin, may be disregarded on the ground that the inclusion of such allegations in the complaint would be evidentiary matter and surplusage.

[3] The remaining question for the consideration of this court has to do solely with the admissibility of the evidence to which defendant's objections were sustained by the court. Assuming that the proffered evidence would have been favorable to plaintiff's theory of the case, that is, that notwithstanding an apparent option given by defendant to Burnett & Company, the only relationship existing between them was that of principal and agent and that the option was nothing but a pretense, under the issues raised by the pleadings any relevant and competent testimony going to establish such agency would be admissible (*Sigafus* v. *Porter,* 84 Fed. 430 [28 C. C. A. 443]; *Ellis* v. *Crawford,* 39 Cal. 528; *Bergthold* v. *Porter Bros. Co.,* 114 Cal. 681 [46 Pac. 738]); and the agency being established, any statements made by such agent to plaintiff, or to her agent to be communicated to plaintiff, would be binding upon the principal. (*Herdan* v. *Hanson,* 182 Cal. 538 [189 Pac. 440]; *Bonnarjee* v. *Pike,* 43 Cal. App. 502 [185 Pac. 479]; *Riser* v. *Walton,* 78 Cal. 490 [21 Pac. 362]; *Quarg* v. *Scher,* 136 Cal. 406 [69 Pac. 96]; *Brandt* v. *Krogh,* 14 Cal. App. 39 [111 Pac. 275]; *Graham* ,v. *Moffett,* 119 Mich. 303 [79 Am. St. Rep. 393, 78 N. W. 132]; *Henry* v. *Dennis,* 95 Me. 24 [49 Atl. 58]; *Culliford* v. *Gadd,* 17 N. Y.

Supp. 457; *Simonds* v. *Cash,* 136 Mich. 558 [99 N. W. 754].) Admitting the foregoing principles of law to be correct, evidence regarding any conversations either between defendant personally and plaintiff, or as between defendant personally and plaintiff's agent with like intentions that such conversations should be repeated to plaintiff, should also have been admitted by the court, as should any evidence tending to show knowledge on the part of defendant or his agent that the firm of Allen & Irwin throughout the transaction in question was acting as the agent of plaintiff. Statements made by either defendant or his agent being admitted, plaintiff should have been permitted to show their falsity. The acts and conduct generally of defendant, especially with relation to the acceptance by him from plaintiff of the $500 deposit, the matter of the escrow, and the attempted rescission by plaintiff, including the alleged tender, were likewise admissible. (*Sigafus* v. *Porter,* 84 Fed. 430 [28 C. C. A. 443].)

The rulings by the court relating to the proffered evidence to which attention has been directed were prejudicial to plaintiff's substantial rights in the premises.

The judgment is reversed.

Conrey, P. J., and Curtis, J., concurred.