## GULF OIL CORPORATION OF PENNSYLVANIA *v.*
## ROBERT D. NEWTON.

MALTBIE, C. J., BROWN, JENNINGS, ELLS and DICKENSON, Js.

Argued February 3—decided April 6, 1943.

*Nathan Hillman,* for the appellant (plaintiff).

*Milton D. Newman,* for the appellee (defendant).

MALTBIE, C. J.   The plaintiff brought this action upon a written guaranty signed by the defendant which, so far as material to the case before us, provided: "In consideration of the giving of credit to John W. Anderson . . . and other good and sufficient considerations to the undersigned accruing, I . . . hereby give this Continuing Guaranty to Gulf Oil Corporation . . . for the payment . . . of any and all indebtedness" due or to become due from Anderson to it.   The defendant pleaded that he was induced to sign the contract by the plaintiff's fraudulent representations.   The trial court sustained this defense and the plaintiff has appealed.   In the main the facts found are not attacked. Anderson was operating a gasoline station in Avon.   The plaintiff, by its sales-agent Heller, induced him to agree to sell the plaintiff's products exclusively.   The station needed modernization and new equipment to compete successfully with neighboring stations.   Heller repeatedly told Anderson that the plaintiff was contemplating advancing money to modernize his station that it might so compete, and that he was only waiting for final approval of the plans.  On May 7, 1937, when Anderson owed the plaintiff a total of $1403.66, Heller presented to him and his wife the guaranty contract, which had been prepared by the plaintiff.   He represented that if a satisfactory guarantor's signature could be obtained upon it the plaintiff would advance money not to exceed $2000 for the purpose of modernizing the station and purchasing needed equipment, the advances to be repaid on a gallonage basis out of future earnings.   On being asked why the contract was in the form in which it was written, Heller stated that this form had to be used because of "government regulations."   No demand was made for the payment of the past due account.

Anderson and his wife believed Heller's representa-

tions and, pursuant to his request that a satisfactory person be obtained to sign it, she took the instrument to the defendant, who is her brother. Heller was not present. She explained the situation to him as Heller had stated it to them, repeating his representations as to the purpose for which the money was to be advanced and his further statement that the improvements were necessary to put Anderson's business on a successful competitive basis. Believing and relying upon these representations and induced thereby, the defendant signed the guaranty agreement. The representations made by Heller were untrue, and he knew them to be untrue. A few days later Heller went to see the defendant in order to have completed a statement of his financial condition attached to the guaranty, and at that time Heller repeated to him the statements he had made to the Andersons. The defendant was not advised that Anderson was indebted to the plaintiff, and if he had been he would not have signed the guaranty. In making the representations as to the purpose and effect of the guaranty, Heller was acting within the scope of his authority. At the time the defendant signed the guaranty, Heller told him that if the contract was accepted by the plaintiff he would receive a copy. He never did receive one, and Heller, on or about May 18, 1937, informed Anderson that the defendant's signature was not satisfactory and the deal would not go through. Thereafter, all sales by the plaintiff to Anderson were for cash. The plaintiff has never made any advances to Anderson for improvements. In January, 1938, Anderson gave up the business, and still owes the plaintiff some $1600. The plaintiff made no demand on the defendant for payment of the guaranty until April, 1939.

The plaintiff does not dispute that the representations made by Heller were fraudulent but it does claim

that, as no representation was made by it to the defendant before he signed the guaranty, but the only representations made to him before that time came from Mrs. Anderson, he cannot avoid the guaranty on the ground of fraud. It is sufficient to afford ground for relief based on fraudulent representations that the person making them contemplated that they would be communicated to others as a basis for action by them. 23 Am. Jur. 903, § 118; 26 C. J. 1121. "A representation made to one person with the intention that it shall reach the ears of another and be acted upon by him, and which does reach him, and is acted upon by him to his injury, gives the person so acting upon it the same right to relief or redress as if it had been made to him directly." *Henry* v. *Dennis,* 95 Me. 24, 29, 49 Atl. 58; *Chubbuck* v. *Cleveland,* 37 Minn. 466, 467, 35 N. W. 362; and see *Scholfield Gear & Pulley Co.* v. *Scholfield,* 71 Conn. 1, 15, 40 Atl. 1046. The principle also applies where it is within the contemplation of the person making the representation that it will be communicated to and induce action by anyone of a group or class. *Davis* v. *Louisville Trust Co.,* 181 Fed. 10, 15, 104 C. C. A. 24; *Stevens* v. *Ludlum,* 46 Minn. 160, 161, 48 N. W. 771; *Kuelling* v. *Lean Mfg. Co.,* 183 N. Y. 78, 90, 75 N. E. 1098; *Crystal Pier Amusement Co.* v. *Cannan,* 219 Cal. 184, 188, 25 Pac. (2d) 839; *Hubbard* v. *Weare,* 79 Iowa 678, 699, 44 N. W. 915; 23 Am. Jur. 956, § 150; 26 C. J. 1121; Restatement, 3 Torts, § 534.

The trial court based its decision upon the finding that Heller made the representations in order to induce the defendant to act upon them. This finding is attacked and there is no evidence that when Heller made representations to the Andersons, the defendant was in his or their contemplation. It is true that the trial court might perhaps have reasonably inferred from the

evidence in the case that Heller would reasonably anticipate that the representations he made to the Andersons would be communicated to anyone whom they sought to induce to sign the guaranty, but the court did not make any finding based on such an inference. As regards the representations made by Heller to the defendant, they were made after he had signed the guaranty; and, while there was evidence indicating that at that time the guaranty had not been accepted by the plaintiff and, indeed, that it was never accepted by it, the trial court has not so found. As the case stands upon the record, the conclusion of the trial court that the defendant could avail himself either of the representations made to the Andersons or of those made to him lacks essential support in the finding.

There is error, the judgment is set aside and a new trial is ordered.

In this opinion the other judges concurred.